UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. TERRELL FLYE, Defendant. | 5:20-CR-50021-JLV<br><br>ORDER DENYING MOTION FOR DISCLOSURE OF INFORMANTS (DOC. 29); DENYING MOTION TO OBTAIN GRAND JURY TRANSCRIPTS (DOC. 31) |
|---|---|

**INTRODUCTION**

Defendant, Terrell Flye, is charged in an Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). (Doc. 1). Mr. Flye, through his counsel, has filed a Motion for Disclosure of Names of Informants (Doc. 29) and a Motion to Obtain Grand Jury Transcripts (Doc. 31). The pending motions were referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

**DISCUSSION**

I.  **Disclosure of Names of Informants**

Mr. Flye moves this court for an order requiring the Government to disclose names of informants. (Doc. 29). Specifically, Mr. Flye requests the following information:

> (1) The name of the CI personally involved in the hand-to-hand controlled drug buy which occurred on December 7, 2017;

1

> (2) The name of the CI personally involved in the hand-to-hand controlled drug buy which occurred on January 23, 2018;
> (3) The name of the Source of Information which provided information on May 8, 2018 of purchases he/she allegedly personally made from Defendant; and
> (4) The names of any other sources of information contained in the discovery that the United States intends to call as witnesses at the trial in this case.

Id. at p. 1. Additionally, Mr. Flye requests the Government "to disclose forthwith copies of all proffer and cooperation agreements involving the above-described cooperating witnesses and any other witnesses the Government intends to call at the trial in this matter. Defendant requests criminal histories of such witnesses as well." Id. at p. 2.

In its response, the Government does not oppose Defendant's request. Rather, the Government "requests a deadline of two weeks prior to trial to disclose the names of informants in this case."[1] (Doc. 38 at p. 1). The Government further asserts such a deadline "is generally a standard deadline for such discovery disclosure and is requested to maximize the safety and protection of the witnesses, while also providing sufficient time for the Defendant to prepare." Id.

The court finds the Government's proposal to be proper. See United States v. Bradford, No. CR 13-50115-01, 2013 WL 6328476, at *7 (D.S.D. Dec. 5, 2013), objections overruled, No. CR 13-50115-JLV, 2014 WL 1246698 (D.S.D. Mar. 25, 2014) (finding the Government's proposal to turn over unredacted documents, which would identify the government's witnesses,

---

[1] Defendant did not file a reply brief addressing the Government's proposal of a deadline two weeks prior to trial for the requested discovery.

2

along with their criminal history, any offers of immunity or consideration, and other impeachment material two weeks prior to trial "met its prosecutorial obligation"). Accordingly, Defendant's Motion for Disclosure of Names of Informants is denied.

## II. Disclosure of Grand Jury Transcripts

Defendant seeks disclosure of the grand jury transcripts for: (1) Jencks Act material; and (2) names of co-conspirators and amounts of methamphetamine that can be tied to him as part of the alleged conspiracy. (Doc. 32 at p. 4).

### a. Legal Standard for Disclosure of Grand Jury Transcripts

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Grand jury transcripts are "generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978). A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979) (citing United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).

This particularized need is demonstrated "by the presentation of 'specific evidence of prosecutorial overreaching.'" United States v. Finn, 919 F.Supp. 1305, 1327 (D.Minn. 1995) (quoting United States v. Lame, 716 F.2d 515, 518 (1983)).  In analyzing whether reversable prosecutorial misconduct exists, the Eighth Circuit Court of Appeals employs a two-part test: "(1) whether the prosecutor's conduct was improper, and (2) whether such conduct prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Anwar, 428 F.3d 1102, 1111–12 (8th Cir. 2005) (citing United States v. Conrad, 320 F.3d 851, 855 (8th Cir. 2003)).

A "particularized need" may also include impeachment, refreshing the recollection of trial witnesses, and testing trial witnesses' credibility. Douglas Oil Co., 441 U.S. at 222 n. 12.  A "bare allegation," however, "does not satisfy the 'particularized need' requirement." Broyles, 37 F.3d at 1318 (quoting United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994)).

### b. The Motion Fails on the Merits

Mr. Flye has made no showing of a particularized need for portions of the grand jury transcripts.  The court will consider each of Mr. Flye's arguments, in turn.

First, Mr. Flye argues in favor of disclosure of grand jury transcripts because "statements contained within grand jury transcripts *could* constitute Jencks Act materials." (Doc. 32 at p. 2) (emphasis added).  Furthermore, Mr. Flye seeks prior statements of witnesses contained in the grand jury transcripts "so that he may prepare for cross-examination of witnesses at trial

4

and so he knows who the witnesses are against him[.]" Id. Mr. Flye recognizes that the Government "need not produce Jencks statements prior to a witness' testimony on direct examination" but "may agree to early discovery of Jencks material." United States v. Douglas, 964 F.2d 738, 741 n.2 (8th Cir. 1992). The Government resists the motion, stating it has no obligation to provide prior statements until after direct examination of a witness at trial. (Doc. 43 at p. 1) (quoting United States v. Polk, 715 F.3d 238, 249 (8th Cir. 2013) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial.")). See also 18 U.S.C. § 3500(a); FED. R. CRIM. P. 26.2. However, in accordance with the common practice of the U.S. Attorney's Office for the District of South Dakota, the Government has assured it will "provide the relevant transcripts and other witness statements in its possession one week prior to trial of this matter." Id. at p. 6.

Notwithstanding the later disclosure parameters permitted by subsection (a) of the Jencks Act and Federal Rule of Criminal Procedure 26.2(a), the court is satisfied by the Government's early disclosure practice to provide all Jencks Act materials one week prior to trial. (Doc. 43 at p. 6). Furthermore, the court's case management order already requires the government to disclose all Brady and Giglio material. (Doc. 12 at p. 3) (citing Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

Second, Mr. Flye argues in favor of disclosure of grand jury transcripts to determine alleged co-conspirators and the specific amount of methamphetamine he is being charged within the indictment. (Doc. 32 at p. 3).

5

Furthermore, Mr. Flye argues "[w]hat evidence was submitted to the grand jury and whether additional amounts that the grand jury considered but rejected must be disclosed to Defendant." Id. at p. 4.  The Government responds that Defendant has presented no ground "to dismiss the indictment because of a matter that occurred before the grand jury." (Doc. 43 at p. 3 (quoting FED. R. CRIM. P. 6(e)(3)(E)(ii)).  The Government further responds that the language of the indictment is sufficient, and furthermore, "defendant's understanding of [the language in the indictment] is not a problem that will be solved by disclosure of the grand jury transcript." (Doc. 43 at p. 5).  Additionally, the Government responds that "[n]owhere in the defendant's motion does he present an impropriety before the grand jury.  Nor has he presented a supportable ground to dismiss the Indictment may exist due to a matter that occurred before the grand jury." Id.

     Mr. Flye does not argue that misconduct took place in front of the grand jury, or that grounds exist to dismiss the indictment.  Rather, he argues that disclosure of the grand jury transcripts are necessary for the purpose of discovery and understanding the language of the indictment.  As it pertains to Mr. Flye's argument that disclosure is necessary for the discovery of alleged co-defendants and specific amounts of methamphetamine alleged as part of the conspiracy, such a request is improper for grand jury transcripts.  See Pelton, 578 F.2d at 709 (holding grand jury transcripts are "generally not discoverable on pretrial motion).

6

As to Mr. Flye's argument that the language of the indictment is vague, a motion for grand jury transcripts is not the appropriate motion to request additional detailed information to clarify the language of the indictment. To the extent Mr. Flye is arguing the indictment is constitutionally defective, the transcripts will be of no assistance, because if the indictment is insufficient, it is immaterial what the grand jury was told as the insufficiency would be evident from the face of the indictment. See United States v. Glenn, No. 5:14-CR-50115-JLV, 2015 WL 5496120, at *5 (D.S.D. Sept. 17, 2015). Mr. Flye has failed to meet his burden in alleging a particularized need for the grand jury transcripts; accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Disclosure of Names of Informants (Doc. 29) is denied. It is further

ORDERED that Defendant's Motion to Obtain Grand Jury Transcripts (Doc. 31) is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58 (g)(2), 59(a). Failure to file timely objections will result in the waiver of the right

to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 14th day of August 2020.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge